ACCEPTED
03-14-00068-CV
3965060
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/30/2015 12:37:52 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00068-CV

COURT OF APPEALS
THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/30/2015 12:37:52 PM
JEFFREY D. KYLE
Clerk

LARRY MARK POLSKY, Appellant,

v.

THE STATE OF TEXAS, Appellee.

On Appeal from the 126th Judicial District Court, Travis County, Texas
Cause No. D-1-GV-13-000067

## THE STATE OF TEXAS'S OPPOSITION TO APPELLANT'S MOTION FOR PERMISSION TO FILE ADDITIONAL AUTHORITY

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney
General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

JON NIERMANN
Chief, Environmental
Protection Division

SHELLY M. DOGGETT
Assistant Attorney General
State Bar No. 24069619
Shelly.Doggett@texasattorneygeneral.gov

KEN CROSS
Assistant Attorney General
State Bar No. 05135800
Ken.Cross@texasattorneygeneral.gov

Office of the Attorney General
Environmental Protection Division
P. O. Box 12548   (MC-066)
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

**January 30, 2015**

Appellee the State of Texas responds as follows to Appellant Larry Mark Polsky's Motion for Permission to File Additional Authority, namely pages purportedly excerpted from a local government document.

Polsky's current motion restates the notice of additional authority and the request for judicial notice he filed on December 29, 2014. The State opposed those previous filings in a letter brief filed with this Court on January 20, 2015 (Attachment A).[1] For the same reasons, the State opposes Polsky's current motion and requests that it be denied and disregarded because of: (1) Polsky's inadequate briefing in regard to this additional authority, (2) the presence in the current reporter's record of the proper version of the additional authority, and (3) the additional authority's lack of relevance to the issues on appeal. *See* Attachment A at 2-5.

To the extent Polsky further contends in his motion that his additional authority establishes the role of Cameron County parks director Javier Mendez as the "sole individual who would report 'alleged' violations of Polsky's dune protection permit to the Cameron County Commissioners," he is incorrect. No such limitation on violation-reporting is reflected in the

---

[1] The State incorporates its January 20, 2015 response by reference as if set forth fully herein.

pages attached to Polsky's motion or in the proper version of the local government document admitted below.[2]  Indeed, Mendez himself explained at trial that anyone, including citizens, can report suspected permit violations to the Commissioners Court, and that the duty does not rest solely with him as parks director.   4 RR 39:11-23.

### PRAYER

This Court should deny Polsky's Motion for Permission to File Additional Authority and affirm the trial court's final judgment in all things.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

JON NIERMANN
Chief, Environmental Protection Division

---

[2] *See* Cameron County Dune Protection and Beach Access Plan, Vol. 6 of the reporter's record, Court's Ex. 1, at 3-4, 26-28.

3

_/s/ Shelly M. Doggett_

SHELLY M. DOGGETT
Assistant Attorney General
State Bar No. 24069619
Shelly.Doggett@texasattorneygeneral.gov

KEN CROSS
Assistant Attorney General
State Bar No. 05135800
Ken.Cross@texasattorneygeneral.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P.O. Box 12548, (MC–066)
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

ATTORNEYS FOR APPELLEE STATE OF
TEXAS

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I certify that this computer-generated document, excluding the contents listed in the rule, contains approximately 297 words. I relied on the word count of the computer program used to prepare the document.

## CERTIFICATE OF SERVICE

On January 30, 2015, a true and correct copy of the foregoing opposition was served on the following counsel and Appellant by e-filing and Certified Mail, Return Receipt Requested:

Larry Mark Polsky, Esq.
5508 Padre Blvd., Suite A
South Padre Island, TX 78597
mossad1947@sbcglobal.net
*Pro se attorney and Appellant*

/s/Shelly M. Doggett
Shelly M. Doggett
Assistant Attorney General

# ATTACHMENT A

ACCEPTED
03-14-00068-CV
3822713
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/20/2015 10:55:20 AM
JEFFREY D. KYLE
CLERK



January 13, 2015

Third Court of Appeals
c/o Jeffrey D. Kyle, Clerk
P.O. Box 12547
Austin, Texas 78711

RE:  **No. 03-14-00068-CV**, *Larry Mark Polsky v. The State of Texas*,
Response to Appellant's Request for Judicial Notice and Notice of
Additional Authority, both filed December 29, 2014

Dear Mr. Kyle and the Honorable Justices of the Third Court of Appeals:

The State submits this letter brief responding to two December 29, 2014, filings by Appellant Larry Mark Polsky in this appeal of a jury verdict finding that he violated a dune protection permit issued to him by the Cameron County Commissioners Court.

Polsky first requests that this Court take judicial notice of certain pages excerpted from Cameron County's Beach Access and Dune Protection Plan.[1] Polsky pairs that request with a separate "Notice of Additional Authority," again ostensibly attaching a section of the County's Plan, albeit different from that accompanying his judicial notice request. In this additional authority, Polsky purports to support his claim that his trial witness and county parks director Javier Mendez was the "[d]uly [d]esignated '[b]uilding [i]nspector' for [b]eachfront [c]onstruction of the Cameron County Commissioner's Court."

Polsky's filings are skeletal. In them he has failed to provide any briefing as to why the referenced pages are relevant and any proof that his excerpts were taken from the appellate record or an authentic source.

---

[1] As described below, the full name of the document, which is already part of the appellate record, is the Cameron County Dune Protection and Beach Access Plan (the Plan).

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL:(512) 463-2100 WEB: WWW.TEXASATTORNEYGENERAL.GOV
*An Equal Employment Opportunity Employer*

### 1. Polsky failed to provide any briefing regarding his judicial notice request and notice of supplemental authority.

Polsky's judicial notice request and notice of additional authority should be denied and disregarded, respectively, due to inadequate briefing. Polsky failed to provide any substantive arguments or discussion in these filings. This Court need not wade through the parties' briefing and appellate record to determine the relevance, if any, of these documents to Polsky's issues and arguments on appeal.

### 2. The trial court already took judicial notice of the County's Plan, which is part of the appellate record.

Should the Court consider Polsky's judicial notice request, the State objects to judicial notice of the particular excerpts attached by Polsky.

First, a complete copy of the County's Plan is already part of the appellate record as Court's Exhibit 1.[2] Polsky's unauthenticated excerpts differ from Court's Exhibit 1, suggesting perhaps they derive from another version of the County's Plan.[3] Second, the trial court took judicial notice of the Plan on the first day of trial without objection, making judicial notice of the same material on appeal unnecessary and duplicative. 2 Supp. RR 179:11-182:8; Court's Ex. 1.

Nevertheless, in the event this Court determines that reference to the County's Plan is appropriate in deciding this appeal—which it need not, as demonstrated herein—the Court should consider the copy admitted into the record. Polsky's excerpts, which lack authentication and are not part of the appellate record, are unreliable.

---

[2] A copy of the Plan can be found in Volume 6 of the reporter's record herein.

[3] Although their content appears to mirror that in Court's Exhibit 1, Polsky's excerpts could not have come from the record exhibit because the page numbering for the Plan sections is different and Polsky's cover page is missing. *Compare* Court's Ex. 1 at 3-4 and 26-27 *with* attachments to Polsky's judicial notice request and notice of additional authority.

### 3. Neither of the proffered excerpts is relevant to the issues briefed on appeal.

In any event, this Court may disregard Polsky's submissions because neither portion of the Plan that Polsky cites is relevant to his appeal. Polsky's request for judicial notice of "Page 21, Section 4, (iii) – (xi)"[4] makes this clear. The cited pages list factors the Cameron County Commissioners Court should consider when *issuing* or *denying* dune protection permits, such as the one obtained by Polsky as part of his development activity. But as the briefing on file clarifies, neither party disputed that the Commissioners Court issued Polsky a valid dune protection permit, nor did the State attack the validity or substance of the permit itself.[5] Instead, this suit concerned whether Polsky violated the terms of his properly issued dune permit. *See* State's Am. Br. at 28-30. Polsky's proffered material is irrelevant on its face and his failure to argue its relevance constitutes inadequate briefing that should also result in rejection of his request.

Similarly misguided is Polsky's attempt to provide "additional authority," which again appears unrelated to any issue in this appeal. Polsky underlines a section of the excerpt indicating that the Cameron County Parks Department administers the public beach access component of the Plan, and authorizing it to give non-binding recommendations to the Commissioners Court on "action" to be taken regarding beachfront construction certificates.[6] The paragraph's context suggests that the

---

[4] No such section of the County's Plan exists. The State assumes that Polsky is referencing section III.E.4.a.iii-xi, found in Court's Ex. 1 at 26-27.

[5] *See* Appellant's Reply Br. at 1 ("[T]here was never a contest at the trial that [Polsky] had not obtained a properly issued dune protection permit."); *and see* Am. Br. of Appellee the State of Texas (hereinafter State's Amended Brief) at 28 ("Here, the State did not dispute that Polsky obtained a properly issued permit, nor claim that the County's permit violated state law or GLO rules or should have been revoked.").

[6] "Beachfront construction certificates are required under Natural Resources Code §[]61.015 (c) – (h) for any construction within 1000 feet of mean high tide or up to the first public road, whichever distance is greater. The Cameron County Park System, operating through the Cameron County Commissioners' Court and advised by the County Parks Advisory Board, is hereby charged with responsibility for administering the beach access component of this plan . . . . Cameron County Commissioners' Court will review and take action on beachfront construction certificates as advised by parks system staff and the county Parks Advisory Board, whose recommendations will be considered but are not binding on court action." Court's Ex. 1 at 3, 4.

3

"action" is limited to decisions regarding applications for beachfront construction certificates. *See* Court's Ex. 1 at 3 ("Neither the County nor State shall unreasonably delay review or action on an application, and shall make a final determination on an application no later than 6 weeks from application receipt."). Again, Polsky cites to a Plan provision governing permit-granting rather than permit-enforcing procedures. Moreover, this provision concerns the beach access issues addressed in beachfront construction certificates—not the dune protection issues addressed in the instant appeal.

Accordingly, that the Plan may allow the Parks Department to offer non-binding recommendations relating to beachfront construction certificates does not concomitantly authorize the Parks Department or its employees to advise the Commissioners Court on actions concerning dune protection permits.[7] And nowhere does the Plan elevate the Parks Director to the position of "duly designated building inspector" in Polsky's nomenclature. *See* State's Am. Br. at 32-33 (summarizing Mendez's testimony regarding his position and responsibilities). Neither Polsky nor Mendez presented any authority or authorization at trial that Mendez—even in his position as parks director—was testifying on behalf of the Commissioners Court or as its representative on any matter, including dune protection.

To be sure, Mendez did testify at trial that he had visited Polsky's building site and believed the construction did not violate Polsky's dune protection permit. *See, e.g.*, 4 RR 23:11-25:2. But, as the State previously explained, the jury heard Mendez's testimony, evaluated its credibility and veracity, and properly disregarded Mendez's contradictory testimony[8] in favor of the overwhelming evidence of violation. State's Am. Br. at 12-26.

The proffered portions of the Plan, moreover, do not advance Polsky's legal argument that Mendez's contrary opinion could veto the State's

---

[7] According to the Plan, when issuing a dune protection permit, the Commissioners Court should consider comments from the Cameron County Dune Protection Committee, the General Land Office, the Attorney General's Office, and the general public. Court's Ex. 1 at 21, 26.

[8] Mendez conceded on cross-examination that he once labeled Polsky's activity "questionable" and discussed his concerns with the County attorney. *See* State's Am. Br. at 25-26.

parallel permit enforcement authority under Tex. Nat. Res. Code § 63.181. Thus, even if Mendez were the County's designated authority on dune protection permit violations—which he is not—the State could nonetheless disagree with his opinion, bring a suit for permit violations, and seek a jury verdict such as the one obtained herein. State's Am. Br. at 30.

## PRAYER

Polsky's judicial notice request should be denied and his supplemental authority disregarded for inadequate briefing and lack of relevance. If the Court grants Polsky's judicial notice motion, it should take notice of Court's Exhibit 1, the complete 2010 Cameron County Dune Protection and Beach Access Plan found in Volume 6 of the reporter's record. Finally, this Court should affirm the trial court's judgment in all things.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

JON NIERMANN
Chief, Environmental Protection Division

/s/ Shelly M. Doggett
SHELLY M. DOGGETT
Assistant Attorney General
State Bar No. 24069619
Shelly.Doggett@texasattorneygeneral.gov

KEN CROSS
Assistant Attorney General
State Bar No. 05135800
Ken.Cross@texasattorneygeneral.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division (MC–066)
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

ATTORNEYS FOR APPELLEE STATE OF
TEXAS

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I certify that this computer-generated document, excluding the contents listed in the rule, contains approximately 1,485 words. I relied on the word count of the computer program used to prepare the document.

## CERTIFICATE OF SERVICE

On January 13, 2015, a true and correct copy of the foregoing letter brief was served on the following counsel and Appellant as indicated by e-filing and Certified Mail, Return Receipt Requested:

Larry Mark Polsky, Esq.
5508 Padre Blvd., Suite A
South Padre Island, TX 78597
mossad1947@sbcglobal.net
*Pro se attorney and Appellant*

/s/Shelly M. Doggett
Shelly M. Doggett
Assistant Attorney General